Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports.  Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued September 19, 2006      Decided December 19, 2006

No. 05-5052

EUGENE C. SMALLS
APPELLANT

v.

UNITED STATES OF AMERICA, ET AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 03cv02620)

———

*Eugene R. Fidell*, appointed by the court, argued the cause and filed the briefs as *amicus curiae* in support of appellant.

*Eugene C. Smalls*, pro se, filed briefs.

*Oliver W. McDaniel*, Assistant U.S. Attorney, argued the cause for appellees.  With him on the brief were *Kenneth L. Wainstein*, U.S. Attorney at the time the brief was filed, and *Michael J. Ryan*, Assistant U.S. Attorney.  *R. Craig Lawrence*, Assistant U.S. Attorney, entered an appearance.

Before: HENDERSON, ROGERS and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*:  This is an appeal from the denial of two motions for reconsideration of a judgment dismissing, on res judicata grounds, an amended complaint for the correction of military records.  Because the district court did not abuse its discretion in denying these motions, which are properly considered as filed pursuant to FED. R. CIV. P. 60(b), we affirm.

**I.**

Eugene C. Smalls served in the United States Marine Corps from 1978 to 1980.  He received a general discharge under honorable conditions for a physical disability existing prior to his service.  He later succeeded in having his general discharge changed to an honorable discharge.  Between 1986 and 1992, Smalls repeatedly sought to have the Board for Correction of Naval Records ("BCNR") amend his record to reflect a retirement for medical disability.  In 1997, the Secretary of the Navy affirmed the BCNR's denial of Smalls's requests.  Thereafter, Smalls filed two complaints under the Administrative Procedure Act ("APA").

In an amended complaint filed in the federal district court of Hawaii, Smalls sought correction of his military record and damages in an amount less than $10,000 for negligent infliction of emotional distress and defamation.  The district court ruled that his APA claim was timely, but dismissed his emotional distress and defamation claims.  *Smalls v. United States*, 87 F. Supp. 2d 1055, 1060 (D. Haw. 2000).  On Smalls's motion for judgment on the administrative record, the district court determined that the BCNR's 1997 denial of Smalls's requests

was not arbitrary or capricious because it had followed the correct procedures and had made specific findings that were sufficient to support its decision. On appeal, the Ninth Circuit initially affirmed, *Smalls v. England*, 41 F. App'x 989, 989 (9th Cir. 2002), but subsequently remanded the case for the district court to explain the basis on which it had exercised jurisdiction, *Smalls v. England*, 50 F. App'x 379, 379 (9th Cir. 2002). Following the remand, where the district court claimed jurisdiction based in part on the Little Tucker Act, 28 U.S.C. § 1346(a)(2), the Ninth Circuit transferred the appeal to the United States Court of Appeals for the Federal Circuit on the ground that court had exclusive jurisdiction. *Smalls v. United States*, No. 01-15827 (9th Cir. Apr. 14, 2003). The Federal Circuit held that Smalls's claim was untimely because his complaint was filed more than six years after his discharge. *Smalls v. United States*, 87 F. App'x 167, 167-68 (Fed. Cir. 2004), *cert. denied*, 543 U.S. 942 (2004). It vacated the district court's opinion, and, upon remand, the Hawaii district court dismissed the amended complaint for lack of jurisdiction.

Subsequently, in an amended complaint filed in the federal district court of the District of Columbia, Smalls challenged the Secretary's denials of April 11, 1997 and January 6, 2003 of his requests for disability retirement status. The government moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that the complaint was barred by the statute of limitations, by res judicata, and by the Tucker Act because Smalls sought monetary relief in excess of $10,000. On December 8, 2004, the district court granted the motion to dismiss, ruling that res judicata, or claim preclusion, barred the amended complaint. The court found that Smalls had merely "repackaged . . . in virtually identical form" his earlier Hawaii complaint challenging the same underlying decisions: Smalls's discharge from the Marines without disability pay and the BCNR's decisions concerning his retirement status.

On December 27, 2004, Smalls filed a motion for reconsideration, which the district court denied on February 8, 2005, relying on the same reasons it gave for dismissing his amended complaint.  On February 9, 2005, Smalls filed a notice of appeal from the December 8, 2004 order dismissing his amended complaint.  On March 4, 2005, Smalls filed a second motion for reconsideration, which the district court denied on March 11, 2005, again relying on the reasons in its decision dismissing the amended complaint.  On March 25, 2005, Smalls filed an amended notice of appeal, including the order denying reconsideration.

This court dismissed as untimely Smalls's appeal from the December 8 order dismissing his amended complaint, *see* FED. R. APP. P. 4(a)(1)(B), but held that the March 25 amended notice of appeal from the orders denying reconsideration was timely and that the denials would be reviewed under an abuse of discretion standard because the motions were filed more than ten days after entry of the orders and properly viewed as filed pursuant to Rule 60(b), *Smalls v. United States*, No. 05-5052 (D.C. Cir. July 6, 2005).

## II.

In seeking affirmance of the district court on alternative grounds, the government contends that the district court lacked jurisdiction under the Little Tucker Act, 28 U.S.C. § 1346, because Smalls is seeking retirement benefits back to 1980 and has not waived damages in excess of $10,000.  We therefore address this threshold issue first.

The Tucker Act vests exclusive jurisdiction in the United States Court of Federal Claims over claims against the United States for "liquidated or unliquidated damages in cases not sounding in tort." *Id.* § 1491.  The Little Tucker Act provides

an exception, vesting concurrent jurisdiction in district courts for civil actions or claims against the United States for $10,000 or less. *Id*. § 1346(a)(2). In contrast to the monetary limitations of the Little Tucker Act, which are jurisdictional, *see United States v. Hohri*, 482 U.S. 64, 67 n.1 (1987), the defense of res judicata, or claim preclusion, while having a "somewhat jurisdictional character," *SBC Commc'ns Inc. v. FCC*, 407 F.3d 1223, 1229-30 (D.C. Cir. 2005), does not affect the subject matter jurisdiction of the district court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (citing FED. R. CIV. P. 8(c)); *N.Y. Shipping Ass'n, Inc. v. Fed. Mar. Comm'n*, 854 F.2d, 1338, 1352 (D.C. Cir. 1988).

This court has adopted a bright line approach under which it "consider[s] cases to be based on the Tucker Act's waiver of sovereign immunity only if the plaintiff seeks money or the district court grants it." *Kidwell v. Dep't of the Army, Bd. for Corr. of Military Records*, 56 F.3d 279, 285 (D.C. Cir. 1995); *see also Vietnam Veterans of Am. v. Sec'y of the Navy*, 843 F.2d 528, 534 (D.C. Cir. 1988) (citing *Sharp v. Weinberger*, 798 F.2d at 1521, 1524 (D.C. Cir. 1986); *Van Drasek v. Lehman*, 762 F.2d 1065, 1068 (D.C. Cir. 1985)). "[A] claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government." *Kidwell*, 56 F.3d at 284. A complaint is not in essence one for monetary damages if the only remedy requested is "non-monetary relief that has considerable value independent of any future potential for monetary relief." *Tootle v. Sec'y of the Navy*, 446 F.3d 167, 176 (D.C. Cir. 2006) (quoting *Kidwell*, 56 F.3d at 284) (internal quotation marks omitted). In determining whether a complaint seeks monetary relief, "the court must generally limit [its inquiry] to the four corners of the complaint." *Id.* at 174. An "inquir[y] into the consequences of [the] plaintiff['s] victor[y]—even 'automatic' consequences—would 'take [the

court] outside the record sought to be reviewed and thereby complicate the jurisdictional issue.'" *Kidwell*, 56 F.3d at 285 (quoting *Vietnam Veterans*, 843 F.2d at 534). The fact that in seeking the correction of a military record the plaintiff may, if successful, obtain monetary relief from the United States in subsequent administrative proceedings is insufficient to deprive the district court of jurisdiction. *See Tootle*, 446 F.3d at 176; *Kidwell*, 56 F.3d at 284-85.

Consistent with the factors discussed in *Kidwell* and *Tootle*, we conclude that the district court had subject matter jurisdiction because Smalls is not seeking money and, were Smalls to prevail, the district court would not award such relief. A review of Smalls's *pro se* amended complaint reveals that, in essence, he seeks, as in *Tootle*, 446 F.3d at 176, and *Kidwell*, 56 F.3d at 286, "declaratory or injunctive relief that is not negligible in comparison with the potential monetary recovery." *See Tootle*, 446 F.3d at 176 (quoting *Kidwell*, 56 F.3d at 284) (citations omitted). Smalls states in his amended complaint that he is seeking equitable relief in light of an alleged "injustice" due to the failures of the Secretary and the BCNR to correct "factual errors and/or omissions" related to his "service-connected disability." Am. Compl. at 23, *Smalls v. United States*, No. 03-2620 (D.D.C. Dec. 22, 2003) ("Am. Compl."). Alternatively, Smalls seeks a remand to the BCNR for proper application of its rules and regulations. *Id.* at 24. The amended complaint states that he is filing suit "primarily to *correct his military records*" and to receive "disability retirement status." *Id.* at 6. Specifically, he seeks a disability "rating of thirty percent or more for service-related conditions." *Id.* at 21.

Although the amended complaint refers at several points to Smalls's desire to obtain "retirement benefits," *id.* at 23-24, read in context his cause of action, by its own terms, seeks "to correct [his] military naval record to show entitlement to retirement[]

benefits for a service-connected disability," *id.* at 23. The prayer for relief reflects this claim, tying his right to retirement benefits to the correction of his military record. *Id.* at 24. Moreover, as amicus explains, the phrase "retirement benefits" connotes a host of benefits to which no monetary value can be attached, such as medical treatment, priority access to Walter Reed Army Medical Center, access to base facilities, space available travel on military aircraft, the right to wear the uniform on appropriate public occasions, military funeral arrangements, and preferential burial privileges in national cemeteries. Amicus acknowledges that retirement benefits can include disability pay, receipt of which is Smalls's goal once his naval record is corrected, but it is clear that this would come as a result of administrative proceedings based on Smalls being designated as a disability retiree and not as a result of the adjudication of the claims in his amended complaint. *See Tootle*, 446 F.3d at 175. Although Smalls does allege "willful and/or negligent acts," Am. Compl. at 22-23, his prayer for relief, unlike the prayer in his Hawaii complaint, does not seek money damages for these injuries.

## III.

Smalls's motions for reconsideration were filed more than ten days after the dismissal of his amended complaint and are properly viewed as filed pursuant to FED. R. CIV. P. 60(b). *See Computer Prof'ls for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.2d 897, 903 (D.C. Cir. 1996). Our review is limited to determining whether the district court abused its discretion. *Smalls v. United States*, No. 05-5052 (D.C. Cir. July 6, 2005) (citing *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 268 n.7 (1978)). The Supreme Court has instructed that "[a] district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)).

As this court has explained, review for abuse of discretion generally is confined to determining whether the district court did not apply the correct legal standard or misapprehended the underlying substantive law, and whether the district court's ruling was within the scope of permissible alternatives in light of the relevant factors and the reasons given to support it. *See Kickapoo Tribe v. Babbitt*, 43 F.3d 1491, 1497 (D.C. Cir. 1995) (citations omitted); *see also RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 316 (2d Cir. 2003); *United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996).

Where this court reviews the denial of a Rule 60(b) motion for abuse of discretion, however, the nature of our review must take into account that "Rule 60(b) was intended to preserve 'the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts.' . . . [It] cannot . . . be employed simply to rescue a litigant from strategic choices that later turn out to be improvident." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (first omission in original) (emphasis omitted) (quoting *Bankers Mortgage Co. v United States*, 423 F.2d 73, 77 (5th Cir. 1970)). As this court declared in *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988), "the district court's grant or denial of relief under Rule 60(b), *unless rooted in an error of law*, may be reversed only for abuse of discretion." (emphasis added). *Cf. D.C. Fed'n of Civic Ass'ns v. Volpe*, 520 F.2d 451, 453 (D.C. Cir. 1975) (citing 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 60.22(3) (1974)). In this context, the appellate court's function is not to determine the substantive correctness of the judgment but rather is limited to deciding whether the district court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown. *See Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1003 (7th Cir. 1971), *cited in Browder*, 434

U.S. at 263.  Consequently, the legal error warranting reversal of a denial of reconsideration under Rule 60(b) review must be clear.  *Cf. Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Although the circuit courts of appeal do not always use the same word to describe the nature of this review for legal error, *see, e.g.*, *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003); *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996); *see also Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 471 nn.7-8 (5th Cir. 1998); *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987), the courts appear to be in agreement that such review is limited by the finality considerations underlying Rule 60(b).  In any event, the district court does not abuse its discretion in denying reconsideration where the movant fails to demonstrate "a potentially meritorious claim or defense" to the motion to dismiss the complaint.  *See Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) (internal quotation marks omitted).  Of course, "judgments which are void or are vehicles of injustice [can]not be left standing." *Brennan*, 450 F.2d at 1003; *cf. Firestone*, 76 F.3d at 1208.

Neither of Smalls's contentions that the district court abused its discretion demonstrates clear error by the district court.  Smalls first contends that res judicata cannot apply because the Federal Circuit vacated the initial decision of the Hawaii district court.  Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.  *See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971); *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948); *see also Nathan v. Rowan*, 651 F.2d 1223, 1226 (6th Cir. 1981) (citing

*Hansberry v. Lee*, 311 U.S. 32 (1940)). The Federal Circuit directed the Hawaii district court to dismiss Smalls's claims based on the bar of the statute of limitations. The Hawaii district court is, like the D.C. district court, an Article III court, and, for purposes of res judicata, "[t]he rules of finality . . . treat a dismissal on statute-of-limitations grounds . . . as a judgment on the merits." *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995); *see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003); *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996); *Nathan*, 651 F.2d at 1226 (6th Cir.); *Myers v. Bull*, 599 F.2d 863, 865 (8th Cir. 1979) (per curiam); *Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir. 1972) (per curiam) (citing *Williamson v. Columbia Gas & Elec. Corp.*, 186 F.2d 464 (3d Cir. 1950)); 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 131.30 (3d ed. 2006); 18A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 4441 (2d ed. 2002).

Similarly, contrary to Smalls's second contention, the district court did not abuse its discretion by declining to consider his argument that the Federal Circuit lacked jurisdiction: A federal district court lacks jurisdiction to review decisions of other federal courts. *See* 28 U.S.C. § 1330 ff.

Amicus's contentions also fail to show an abuse of discretion by the district court. Amicus points out that Smalls's D.C. amended complaint omitted a Tucker Act claim, which his Hawaii complaint included, and challenged different administrative decisions than his Hawaii complaint. Under the transactional approach to determining whether two suits involve the same cause of action, *see Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997), the cause of action consists of "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Id.*

(quoting *Smith v. Jenkins*, 562 A.2d 610, 613 (D.C. 1989) (quoting Restatement (Second) of Judgments § 24(1) (1982))). Although Smalls omitted any reference to the Tucker Act and any request for damages in his D.C. complaint, the factors relevant to the transactional analysis point against Smalls in light of his single goal of having his military record corrected so that he will be eligible to receive medical disability retirement benefits. *See Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984).

Amicus's emphasis on the continuing or recurring nature of BCNR proceedings demonstrates neither inconsistency with the district court's res judicata ruling nor unfairness due to premature judicial intervention into the resolution of Smalls's claims. In accordance with the doctrine of res judicata, the record shows that both the D.C. and Hawaii lawsuits arise from the same underlying transaction and in both Smalls alleged he was improperly discharged without medical disability benefits, challenged agency decisions relating to his discharge and subsequent administrative challenges, and sought correction of his military record so as to qualify him for medical disability retirement benefits. Additionally, no unfairness is demonstrated by reason of premature judicial intervention because it is the Secretary's final decision in 1997 that underlay Smalls's untimely appeal from the order dismissing his amended complaint.

Accordingly, we affirm the orders denying the Rule 60(b) motions for reconsideration.