**Terry Louis CARTER, Appellant**

v.

**UNITED STATES DEPARTMENT OF the NAVY and United States Marine Corps, Appellees.**

No. 06–5378.

United States Court of Appeals, District of Columbia Circuit.

Dec. 3, 2007.

Rehearing En Banc Denied Jan. 30, 2008.

Terry Louis Carter, Seattle, WA, pro se.

R. Craig Lawrence, Assistant U.S. Attorney, John Cuong Truong, U.S. Attorney's Office, Washington, DC, for Appellees.

BEFORE: SENTELLE, RANDOLPH, and KAVANAUGH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties and arguments of counsel. The court has determined that the issues presented occasion no need for an opinion. *See* D.C.Cir. R. 36(b).

Terry Louis Carter, a former Corporal in the United States Marine Corps, received an honorable discharge from the military in 1978, after activation of his sickle cell disease and complications from spleen removal surgery left him 40% disabled. A persistent pain in the upper left quadrant of his stomach remained, causing him to seek treatment from Navy and Veterans Affairs (VA) hospitals on several occasions after discharge. In 1997, a VA doctor informed Mr. Carter that a diaphragmatic hernia caused by the 1977 splenectomy may have caused his pain and recommended that he seek a medical evaluation to confirm its source. In September 2000, Mr. Carter underwent the recommended test, which confirmed the VA doctor's diagnosis.

Sometime before November 20, 2003, Mr. Carter filed a claim with the Department of Veterans Affairs to amend his military discharge records. He filed a similar claim with the Department of the Navy to amend his discharge form to reflect a higher disability rating (100%) and a higher rank (Sergeant). By letter in 2003 and again in 2005, the Board for Correction of Naval Records closed his file because it lacked necessary medical records. Meanwhile, on March 3, 2004, Mr. Carter filed a complaint in the United States Court of Federal Claims alleging fraud and wrongful discharge based on a

faulty medical diagnosis. The Court of Federal Claims dismissed Mr. Carter's case on September 10, 2004, for lack of subject matter jurisdiction. The court held that all of Mr. Carter's claims accrued on the date of his discharge in 1978, and that the court would not equitably toll the six-year statute of limitations for claims brought before that court nor would it apply the "accrual suspension rule." *See* 28 U.S.C. § 2501.

On April 18, 2005, Mr. Carter filed a *pro se* complaint in the U.S. District Court for the District of Columbia against the U.S. Navy and Marine Corps alleging wrongful discharge and improper failure to correct military records. The District Court, like the Court of Federal Claims, dismissed the claims related to his 1978 military discharge for lack of subject matter jurisdiction and did so with prejudice. The District Court held that

> any claims relating to the plaintiff's 1978 military discharge that were or could have been brought in the plaintiff's 2004 complaint before the Court of Federal Claims are precluded from relitigation by the doctrine of *res judicata* . . . . [A]ll of the plaintiff's other claims relating to his military discharge, but not those relating to his application for correction of his military records, are barred by the statute of limitations.

*Carter v. Dep't of the Navy*, No. 05–cv–0775, 2006 WL 2471520, at *4 (D.D.C. Aug.24, 2006). The court granted Mr. Carter leave to amend his complaint to allege APA claims based on the 2003 and 2005 board actions. *Id.* Mr. Carter asked the court to reconsider the dismissal of his discharge-related claims and submitted an amended complaint in response to the court's invitation, but he simply tacked an APA claim onto his original complaint about his military discharge. On September 27, 2006, the court denied his motion for reconsideration, did not grant him

leave to file the attached complaint, and granted him leave to file another amended complaint to assert "solely" an APA claim. *Carter v. Dep't of the Navy*, No. 05–cv–0775, slip op. at 3 (D.D.C. Sept. 27, 2006). Instead of amending his complaint a second time, Mr. Carter filed a notice of dismissal with the court. *See* Fed.R.Civ.P. 41(a)(1)(i). The government stipulated to Mr. Carter's dismissal, and on October 17, 2006, the district court entered a Minute Order recognizing Mr. Carter's notice of dismissal and the government's stipulation to it and dismissed his case with prejudice. Mr. Carter timely appealed.

At the outset, this Court notes that procedurally, no further action is required when a plaintiff voluntarily dismisses his case before the defendant serves an answer or. motions for summary judgment.

> Rule 41(a)(1)(i) . . . provides a simple, self-executing mechanism whereby a case may be dismissed in certain circumstances without motion, argument, or judicial order. When the plaintiff files a notice of dismissal before service by the adverse party of an answer or of a motion for summary judgment, the dismissal takes effect automatically: the trial judge has no role to play at all.

*Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C.Cir.1987). However, in this case, the October 17th Minute Order simply reiterated its previous dismissal of Mr. Carter's discharge-related claims. The government noted both in its brief and during oral argument that the Minute Order "does not affect Appellant's right to seek redress under the APA" for final agency actions from military boards. Brief of Defendants–Appellees at 13, *Carter v. Dep't of the Navy*, No. 06–5378, 2007 WL 2857841 (D.C.Cir. Sept. 21, 2007). Furthermore, the government conceded in oral argument that it would not raise the

doctrine of *res judicata* in response to Mr. Carter's potential APA claims.

Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.

*Smalls v. United States,* 471 F.3d 186, 192 (D.C.Cir.2006) (citing *Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 323–24, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)). We agree with the government's statements in oral argument that Mr. Carter never alleged an APA claim in his initial complaint, the court never litigated an APA claim nor ruled on one, and as a result, there is no final judgment on any potential APA claim, and therefore there is no *res judicata* as to any potential APA claims.

For the reasons stated in the District Court's dismissal with prejudice of Mr. Carter's discharge-related claims, we affirm. Accordingly, it is

ORDERED AND ADJUDGED that the District Court's dismissal of the complaint under FED.R.CIV.P. 12(b)(1) is affirmed.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc. See* FED R.APP. P. 41(b); D.C.CIR. R. 41.