Keionta **HAGENS**, Appellant

v.

**CORRECTIONS CORPORATION OF AMERICA, et al., Appellees.**

No. 06–7206.

United States Court of Appeals, District of Columbia Circuit.

March 18, 2008.

Keionta Hagens, Inez, KY, pro se.

Warden (McCreary), McCreary, Pine Knot, KY, for Appellant.

Daniel Patrick Struck, Lori Lea Voepel, Jones Skelton & Hochuli, Phoenix, AZ, Kelvin Lavel Newsome, Leclairryan, Norfolk, VA, Todd Sunhwae Kim, Solicitor General, Edward Eugene Schwab, Deputy Attorney General, Donna M. Murasky, Senior Assistant Attorney General, Mary Larkin Wilson, Assistant Attorney General, Office of the Attorney General for the District of Columbia, Office of the Solicitor General, Peter J. Nickles, Office of the Attorney General for the District of Columbia Immediate Office, Washington, DC, for Appellees.

Steven Harris Goldblatt, Appellate Litigation Clinic, Washington, DC, pro se.

Cecily Elizabeth Baskir, Justin Lee, Andrew McLean, Appellate Litigation Clinic, Washington, DC, Amicus Curiae for Appellant.

Before: GINSBURG, RANDOLPH, and TATEL, Circuit Judges.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia as well as the briefs and oral arguments of counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. *See* D.C.Cir. Rule 36(b). It is

**ORDERED and ADJUDGED** that the order of the district court denying appellant's motion to reopen the judgment be affirmed.

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), a prisoner may not

bring suit under 42 U.S.C. § 1983 until he exhausts his administrative remedies. Hagens brought an action under § 1983 against Corrections Corporation of America (CCA), the District of Columbia, and Dale London, an employee of CCA, alleging that London assaulted him without provocation. He did not, however, file a timely administrative grievance, and the district court accordingly entered summary judgment for CCA and London; it dismissed Hagens' suit against the District for failure to state a claim. Hagens now appeals from the district court's denial of his motion to reopen the judgment under Fed.R.Civ.P. 60(b).

Hagens argues prison officials prevented him from filing a grievance but has not proffered sufficient evidence to support this contention. He also claims the prison issued a Response Letter in which it granted all relief he could possibly have received through the administrative process. Contrary to the allegations in his complaint, however, the Letter said that "a use of force was made unavoidably necessary by undisputed aggressive and assaultive behaviors initiated solely by Keionta Hagens without warning" and character-ized the "placement of [London's] hand on Hagens' neck" as "inadvertent[ ]." Because Hagens could have sought additional relief had he pursued his administrative appeals, the district court did not abuse its discretion in denying his motion to reopen the judgment against CCA and London.

As the District of Columbia now concedes, the district court erred in dismissing Hagens' case for failure to state a claim. Because Hagens is unlikely to demonstrate he exhausted his administrative remedies, however, a remand would likely be futile. Therefore, Hagens has not given us reason to disturb the "sanctity of [a] final judgment[ ]." *Smalls v. United States,* 471 F.3d 186, 191 (D.C.Cir.2006).

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing en banc. *See* D.C.Cir. Rule 41(a)(1).