WILLIAMS, Senior Circuit Judge,
concurring in part and concurring in the judgment:
While I otherwise join the majority opinion in full, I depart from it as to the plaintiffs’ request for “constructive credit.” I believe that this request, unlike the other *6 equitable remedies the plaintiffs seek, could save their challenge to the now-abandoned “Thirds Policy” (see Maj. Op. at 3) from mootness. In the end, however, I concur in the court’s finding a lack of jurisdiction over plaintiffs’ challenge to that policy, as this remedy is itself barred by the government’s valid jurisdictional assertion of sovereign immunity.
The plaintiffs accuse the Navy of having engaged in religious discrimination by refusing to hire them as chaplains. They declare that they are “able and ready” to apply for the chaplaincy again, and they seek an injunction ordering the Navy, should it hire them as chaplains in the future, to accord them “constructive credit” for the years they would have served but for its unlawful discrimination under the Thirds Policy. This additional seniority would entitle the plaintiffs to a higher salary and would make them eligible to receive an officer’s pension on retirement, a benefit they would otherwise lack because of the Navy’s retirement rules and pension prerequisites.
No one disputes that the plaintiffs allege an injury in fact (the discriminatory refusal to hire). If the court can remedy that injury, their claim is not moot, and per Lesesne ex rel. B.F. v. District of Columbia, 447 F.3d 828, 832-33 (D.C.Cir.2006), we may look past a plaintiffs losing arguments to determine mootness from the complaint itself. In Lesesne, the plaintiff correctly identified a form of relief that would have forestalled mootness, but she failed to recognize that it had been properly requested in her complaint — instead contending unsuccessfully that it was implied in her demand for “any other relief the Court deems just.” Id. at 833. Here, by contrast, the plaintiffs correctly note that their complaint requests constructive credit; they merely fail to cite this request as a specific defense to mootness. As in Lesesne, however, the fact that plaintiffs’ rebuttals to mootness are “without merit” does not prevent us from recognizing that “[their] complaint presented the District Court with a live controversy.” Id. at 832-33. The face of the complaint reveals a live claim: the plaintiffs asked for constructive credit and have not received it. The plaintiffs’ briefs pressed this remedy on appeal, and their failure to mention it as a defense to mootness hasn’t prejudiced the Navy — which acknowledged at oral argument that if constructive credit were not barred by sovereign immunity, the availability of that remedy would cure the mootness problem.
I am uncertain whether some unripeness in the request for constructive credit sweeps it out of the picture, leaving the attack on the Thirds Policy moot. It is true that the sought-after injunction requiring an award of credit would have bite only if the plaintiffs should be appointed as chaplains, and that ripeness normally calls on us not to adjudicate claims that “depend[] on future events that may never come to pass.” Maj. Op. at 5 (quoting Devia v. Nuclear Regulatory Comm’n, 492 F.3d 421, 425 (D.C.Cir.2007)). But the events underlying the plaintiffs’ substantive claim — i.e., their attack on the Thirds Policy — have already occurred: the Navy’s refusal to hire them suffices for liability (assuming, as we must, that the plaintiffs would win on the merits), and this refusal has had “its effects felt in a concrete way.” Devia, 492 F.3d at 424 (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 148-49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)). Indeed, the plaintiffs’ claims are partially overripe; the Navy’s shelving of the Thirds Policy rendered direct judicial relief against it meaningless and to that extent mooted the claim. The only remaining question is whether a court must wait before addressing the substantive questions on which the surviving meaningful *7 remedy (the constructive credit) depends. But ripeness is a property of claims, not of remedies. If the Thirds Policy were still alive and thus an injunction still useful against it, a court reaching the merits would consider the constructive credit remedy as well. Perhaps the law of remedies would bar such relief as too speculative, but the court would address that as a merits issue rather than as a ripeness defense.
Further, to say that the plaintiffs’ claims become ripe only once they are hired might put them in the sort of bind that Abbott Labs, considered an important argument for ripeness, see 387 U.S. at 152-54, 87 S.Ct. 1507, as it would require them to give up their current jobs (and any associated pension guarantees) before they could establish their pension eligibility as chaplains. Resolving the claim now would enable them to choose in light of their legal rights.
Even if we viewed the plaintiffs’ request for credit as their “claim” (which seems odd), the predicate event that may or may not “come to pass” is their appointment as chaplains. In assessing the likelihood of that event for ripeness purposes, we must assume arguendo the validity of their merits claim. Removal of the discriminatory policy, to be sure, by no means guarantees their appointment, but the plaintiffs offered some evidence that their prospects would have been good in a nondiserimina-tory system, including evidence that, at least at the time of the applications, the Navy was falling short of its chaplain recruitment goals. Again, of course, the potential hardship to the plaintiffs may tilt the balance toward immediate adjudication. Devia, 492 F.3d at 427.
Doubtful that ripeness is a bar, and noting that we may “choose among threshold grounds for denying audience to a case on the merits,” Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 585, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999), I believe we can more confidently rely on the government’s sovereign immunity defense.
The plaintiffs argue that their request for constructive credit falls within the Administrative Procedure Act’s waiver of sovereign immunity for actions “seeking relief other than money damages.” 5 U.S.C. § 702. We need not determine whether, under Hubbard v. ERA, 982 F.2d 531 (D.C.Cir.1992), such credit is a form of money damages in a strict sense, for Kid-well v. Dep’t of the Army and its progeny extend the government’s immunity to equitable relief which “in essence” represents a monetary recovery. 56 F.3d 279, 284 (D.C.Cir.1995). As a result, where the relief sought lacks “significant non-monetary value,” Tootle v. Sec’y of the Navy, 446 F.3d 167, 175 (D.C.Cir.2006), it will be treated as a form of money damages.
A variety of non-financial benefits have been described as “considerable” in prior cases: the upgrading of a less-than-honorable discharge in Kidwell, 56 F.3d at 286, early retirement for an ill service member in Tootle, 446 F.3d at 175, and numerous benefits accruing to retired personnel in Smalls v. United States, 471 F.3d 186, 190 (D.C.Cir.2006). But here the plaintiffs give no indication of any non-financial consequences to the constructive credit they seek. Rather, they state that “[u]nder existing law, there may be no way to compensate Plaintiffs financially for the Navy’s illegal denial of a commission,” Pls.’ Mem. P. & A. Supp. Pls.’ Opp. Defs.’ Mot. to Dismiss, Doc. No. 9, at 16 (emphasis added), and that “[t]he relief requested focuses on overcoming the Plaintiffs’ burden and disqualification for a pension caused by Defendants’ illegal actions,” Larsen Br. 60 (emphasis added).
Because the plaintiffs “bear[] the burden of proving that the government has *8 unequivocally waived its immunity,” TriState Hosp. Supply Corp. v. United States, 341 F.3d 571, 575 (D.C.Cir.2003), and their allegations fail to identify any non-monetary benefits to their proposed remedy, I would hold that their request for constructive credit is barred by sovereign immunity.