**Tanya BENNETT–BEY, Appellant**

v.

**Douglas SHULMAN, Commissioner, I.R.S., Appellee.**

No. 10–5107.

United States Court of Appeals, District of Columbia Circuit.

Aug. 4, 2010.

Rehearing En Banc Denied Nov. 8, 2010.

Tanya Bennett–Bey, Washington, DC, pro se.

Arlene Bradley, R. Craig Lawrence, U.S. Department of Justice, Washington, DC, for Appellee.

Before: SENTELLE, Chief Judge, and HENDERSON and ROGERS, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by the appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed March 12, 2010, be affirmed. The district court properly concluded that appellant's claims are barred by res judicata, because appellant raises issues in the instant case that were or could have been raised in her previous action. *See Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); *Smalls v. United States,* 471 F.3d 186, 192 (D.C.Cir.2006). To the extent appellant's tax refund claims were previously dismissed for lack of subject matter jurisdiction because she did not file a refund claim with the Internal Revenue Service, appellant has not alleged that this jurisdictional deficiency has since been "cured." *GAF Corp. v. United States,* 818 F.2d 901, 912 (D.C.Cir.1987) (stating that a dismissal "preclude[s] relitigation of the precise issue of jurisdiction that led to the initial dismissal" unless there have been subsequent developments that " 'cure' the jurisdictional deficiency.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.