**James Daniel FULBRIGHT, Appellant**

v.

**Patrick J. MURPHY, Appellee.**

**No. 14-5277**
**September Term, 2015**

United States Court of Appeals,
District of Columbia Circuit.

Filed On: April 29, 2016

**4**

Michael D.J. Eisenberg, Law Office of Michael D.J. Eisenberg, Washington, DC, for Plaintiff–Appellant.

Derrick Wayne Grace, R. Craig Lawrence, U.S. Attorney's Office, (USA) Civil Division, Washington, DC, for Defendant–Appellee.

Before: Henderson and Kavanaugh, Circuit Judges, and Randolph, Senior Circuit Judge.

### JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs filed by the parties. See FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. See D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the District Court's order be affirmed.

James Fulbright appeals from the district court's grant of summary judgment to the defendant. The district court upheld the decision of the Army Board for the Correction of Medical Records (ABCMR) to deny James Fulbright's (Fulbright) motion to reconsider its earlier decision denying Fulbright a disability retirement from the Army. *Fulbright v. McHugh*, 67 F.Supp.3d 81 (D.D.C. 2014).

Fulbright joined the United States Army in 1974 and suffered a duty-restricting injury between 1978 and 1979. A decade later, the Army Promotion Selection Board passed over Fulbright for promotion to Major for the second time and, pursuant to Army regulations, he was released from active duty service. Thus Fulbright was honorably discharged but "not by reason of physical disability." *Id.* at 86. He then transferred to inactive ready reserve status.

Pursuant to Army regulations, Fulbright underwent an Army medical examination in 1989 before his active duty separation. At that point, he was diagnosed with "lower back pain, chondromalacia patella (inflammation of the knee), a history of traumatic separation in both shoulders, and left foot trauma." *Id.* He was found to be physically fit for separation, albeit with certain limitations. *Id.* Fulbright then applied for and received service-connected disability compensation from the Department of Veterans Affairs (VA) based on a 50% disability rating for conditions substantially similar to those resulting from his Army separation examination but based on a separate VA evaluation.

While in the inactive ready reserve, Fulbright was again considered for and denied promotion to Major; this time, however, the denial was caused by a clerical error. Specifically, the regional promotions board (the Office of Promotions Reserve Component, Human Resources Command–St. Louis) did not review Fulbright's fitness for service form. In 1990, Fulbright requested that the Army initiate a Medical Evaluation Board (MEB)[1] to transfer him to medical disability retirement, basing his entitlement on his VA rating. *Id.* at 86–87; *see Smalls v. United States*, 471 F.3d 186, 190 (D.C. Cir. 2006) (discussing medical disability retirement benefits). Fulbright was then informed by the Army Reserve Personnel Center that he no longer qualified for retention in the inactive ready reserve because of his disability. Fulbright did not, however, secure a MEB and was instead transferred to the retired reserve.[2]

In 1992, Fulbright applied to the ABCMR for a record correction, arguing that both his 1989 separation examination and the VA assessment supported his entitlement to medical-disability retirement. The ABCMR denied his request because he had not submitted sufficient evidence reflecting that, before his active-duty separation, he suffered a condition of sufficient severity to render him "unfit to perform the duties of [his] office, grade, rank, or rating," which if established would, under 10 U.S.C. § 1201, qualify him for disability retirement. His injuries in the late 1970s, although duty-restricting, were deemed insufficiently severe. Regarding the VA rating, the ABCMR determined that the VA,

unlike the Army, is "not required to find unfitness for duty" when evaluating a service-connected disability and therefore his VA disability rating did not affect its decision. Dep't of the Army, Bd. for Corr. of Military Records, Mem. of Consideration at 5 (Apr. 7, 1993); *see also* 38 U.S.C. § 1155 (VA rating is "based, as far as practicable, upon the average impairments of earning capacity resulting from such injuries").

In 2008, relying primarily on a letter provided by the Army Human Resources Commander, the ABCMR retroactively promoted Fulbright to Major in the inactive ready reserve but denied his request to reconsider its 1993 MEB eligibility determination. Fulbright petitioned the ABCMR once more in 2009, arguing that his VA disability rating showed that the Army had made an error in his 1989 separation exam. The ABCMR again denied the request. After a failed attempt to obtain relief through the Court of Federal Claims, Fulbright brought suit in district court under the Administrative Procedure Act, 5 U.S.C. §§ 701–06, seeking reversal of the ABCMR's decision and remand for it to consider his MEB eligibility.

We review the district court's summary judgment grant *de novo*, *Coburn v. McHugh*, 679 F.3d 924, 929 (D.C. Cir. 2012), according an Army correction decision an "unusually deferential application of the 'arbitrary or capricious' standard," *Kreis v. Sec'y of Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989). We affirm the district court substantially for the reasons given by that court. Fulbright's 1989 active

---

1. A MEB is an early phase of a multi-step procedure under which the Army evaluates entitlement to medical retirement, *see Fulbright*, 67 F.Supp.3d at 85–86; Army Regulation 635-40 ¶¶ 4-9 to 4-26, and is convened when an Army medical examiner finds a service member physically unfit for duty.

2. As the district court explained, "Fulbright does not dispute[ ] that [he] could not have been placed on the disability retirement list from the reserve group because reserve soldiers not on active duty cannot receive a MEB under Army Regulation[s]." *Fulbright*, 67 F.Supp.3d at 94.

**6**

duty separation examination did not trigger a MEB. *Fulbright*, 67 F.Supp.3d at 94–95. Moreover, the ABCMR adequately explained that the VA disability rating does not bind the Army. *Id.* at 95. The Army's duty is to find unfitness for duty *vel non* in conducting its disability-retirement determination, *see* 10 U.S.C. § 1201, and the VA rating is based on a service member's earning impairment that may arise from a disability occurring during, or in certain cases, after active duty service, *see* 38 U.S.C. §§ 1131, 1155; 38 C.F.R. § 3.309.

Fulbright also argues that he should have secured a MEB in 1979 and that, but for the Army's error in denying his promotion to Major, his service timeline would have been materially altered so as to support a MEB. These arguments were not made to the ABCMR or to the district court and so we do not reach them. *See Coburn*, 679 F.3d at 929 ("[I]ssues not raised before an agency are waived and will not be considered by a court on review."); *Haselwander v. McHugh*, 774 F.3d 990, 992 (D.C. Cir. 2014) ("This claim was never raised with the District Court, so it has been forfeited.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.