Eddie WISE and Dorothy
Wise, Appellants

v.

UNITED STATES of America,
et al., Appellees.

No. 16-5019

United States Court of Appeals,
District of Columbia Circuit.

Filed On: May 17, 2016

Eddie Wise, Dorothy Wise, Whitakers,
NC, Pro Se.

Fred E. Haynes, R. Craig Lawrence,
U.S. Attorney's Office, (USA) Civil Division, Washington, DC, for Defendants–Appellees.

BEFORE: Rogers, Kavanaugh, and
Wilkins, Circuit Judges

### ORDER

Per Curiam

Upon consideration of the motions for a temporary restraining order, the opposition thereto, and the reply; the motion for summary affirmance, the opposition thereto and motion to strike, and the reply; and the emergency motion to reverse sale, the response thereto, and the reply, it is

ORDERED that the motion to strike the motion for summary affirmance be denied. The motion for summary affirmance was timely filed. It is

FURTHER ORDERED that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. *See Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellants' discrimination claims have already been resolved by a final order of the District Court for the Eastern District of North Carolina, and are therefore barred under the doctrine of res judicata. *See Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). Furthermore, appellants opted out of the class action in *Pigford v. Glickman*, and they are therefore not entitled to the benefits of the consent decree entered in that case. *See Wise v. Glickman*, 257 F.Supp.2d 123, 129 (D.D.C. 2003) ("Eddie Wise [and] Dorothy Monroe–Wise . . . opted out of the *Pigford* class."). Finally, neither Section 741 of the 1999 Omnibus Consolidated and Emergency Supplemental Appropriations Act (112 Stat. 2681) nor 7 C.F.R. § 766.358 entitles appellants to the relief they seek. It is

FURTHER ORDERED that the motions for a temporary restraining order and the emergency motion to reverse sale be dismissed as moot.

Pursuant to D.C. Circuit Rule 26, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.