UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

David M. David,  )
  )
　　Plaintiff,  )
  )
　　　v.  )　　Civil Action No. 17-459 (UNA)
  )
The United States *et al.*,  )
  )
　　Defendants.  )
_____  )

MEMORANDUM OPINION

This matter is before the court on initial review of plaintiff's *pro se* complaint and

application to proceed *in forma pauperis*. The court will grant plaintiff's application and dismiss

the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court

to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a California state prisoner serving a life sentence and a self-described

inventor. *See* Compl. at 3-4. Claiming that the National Security Agency and the Department of

Homeland Security have obtained two of his patent applications and used them for ten years

without compensation, plaintiff seeks $25 billion from the United States.

For claims exceeding $10,000, "[t]he Tucker Act vests exclusive jurisdiction in the

United States Court of Federal Claims over claims against the United States for 'liquidated or

unliquidated damages in cases not sounding in tort.' " *Smalls v. United States*, 471 F.3d 186,

189 (D.C. Cir. 2006) (quoting 28 U.S.C. § 1491)); *see Kidwell v. Dep't of Army, Bd. for

Correction of Military Records*, 56 F.3d 279, 284 (D.C. Cir. 1995) ("[A] claim is subject to the

Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence'

1

seeks more than $10,000 in monetary relief from the federal government.") (citations omitted)).

In addition, the Court of Federal Claims has exclusive jurisdiction over claims arising from the

United States' use or manufacture of an invention "covered by a [U.S.] patent . . . without license

of the owner[.]" 28 U.S.C. § 1498(a). Therefore, this case will be dismissed. A separate order

accompanies this Memorandum Opinion.

_____
United States District Judge

Date: June 21, 2017