**No. 21-5076**                                 **September Term, 2020**

**1:19-cv-02604-TSC**

**Filed On:** June 29, 2021

Larry Elliott Klayman, individually,

> Appellant

> v.

Judicial Watch, Inc., A District of Columbia
Corporation, et al.,

> Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Wilkins, Rao, and Walker, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court
for the District of Columbia and on appellant's brief.  See Fed. R. App. P. 34(a)(2); D.C.
Cir. Rule 34(j).  Upon consideration of the foregoing and the motion to intervene, it is

**ORDERED AND ADJUDGED** that the district court's February 16, 2021 order be
affirmed.  The district court correctly concluded that it lacks jurisdiction to vacate prior
orders of another district court.  See Celotex Corp. v. Edwards, 514 U.S. 300, 313
(1995) ("[I]t is for the court of first instance to determine the question of the validity of
the law, and until its decision is reversed for error by orderly review, either by itself or by
a higher court, its orders based on its decision are to be respected."); Smalls v. United
States, 471 F.3d 186, 192 (D.C. Cir. 2006) ("A federal district court lacks jurisdiction to
review decisions of other federal courts."); Klayman v. Kollar-Kotelly, No. 12-5340, 2013
WL 2395909, unpublished order (D.C. Cir. May 20, 2013) ("[T]his court has concluded
that one district court does not have jurisdiction to review the decisions of another
district court or federal appellate court.").  Additionally, appellant cannot maintain an
independent action pursuant to Federal Rule of Civil Procedure 60(d)(1) because he
has an adequate remedy at law via a direct appeal.  See United States v. Beggerly, 524
U.S. 38, 47 (1998); Neisloss v. Bush, 293 F.2d 873, 880 n.16 (D.C. Cir. 1961).
Moreover, appellant has failed to plead factual allegations that would support his fraud
claims.  See Baltia Air Lines, Inc. v. Transaction Mgmt., Inc., 98 F.3d 640, 642 (D.C.
Cir. 1996) ("Fraud on the court ... is fraud which is directed to the judicial machinery
itself and is not fraud between the parties or fraudulent documents, false statements or

perjury."); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (A complaint must state "enough facts to state a claim to relief that is plausible on its face," "a formulaic recitation of a cause of action's elements will not do.").  It is

**FURTHER ORDERED** that the motion to intervene be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                                        **FOR THE COURT:**
                                        Mark J. Langer, Clerk

                    BY:     /s/
                            Daniel J. Reidy
                            Deputy Clerk