# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-5088

September Term, 2024

FILED ON: DECEMBER 19, 2024

DAVID J. RUDOMETKIN,
APPELLANT

v.

CHRISTINE E. WORMUTH, IN HER CAPACITY AS THE SECRETARY OF THE ARMY,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-01695)

Before: RAO and PAN, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties and court-appointed amicus. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED** that the district court's order entered on March 10, 2023, granting appellee's motion to dismiss and dismissing appellant's complaint be **VACATED** and that the case be **REMANDED** to the district court for further proceedings consistent with the reasons stated below.

\* \* \*

Appellant David J. Rudometkin was a major in the United States Army. He was scheduled to be involuntarily retired from the military in 2016, but his retirement orders were rescinded "pending a criminal investigation against him with a review toward court-martial." A. 146 (quoting *Rudometkin v. United States*, No. 2022-1701, 2022 WL 17688147, at \*1 (Fed. Cir. Dec. 15, 2022)). Thereafter, Rudometkin was convicted by court-martial of sexual assault and other crimes. He is serving a seventeen-year sentence of incarceration, and his appeal remains pending before the United States Court of Appeals for the Armed Forces.

Proceeding *pro se*, Rudometkin filed suit in the district court against the Secretary of the Army, claiming that the Secretary violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and the Fifth Amendment of the Constitution, when the Army revoked his retirement orders. The district court dismissed the case for lack of subject matter jurisdiction, reasoning that (1) Rudometkin had an "other adequate remedy" in the Court of Federal Claims, 5 U.S.C. § 704, and (2) Rudometkin's claim falls within the exclusive jurisdiction of the Court of Federal Claims under the Tucker Act because he "in essence" seeks more than $10,000 in monetary relief from the federal government.

We conclude that the district court erred in treating the "other adequate remedy" requirement as jurisdictional and in finding that Rudometkin's complaint was barred by the Tucker Act. We therefore vacate the judgment and remand for further proceedings. We decline to address the Army's new arguments on appeal that Rudometkin has failed to state a claim under the APA.

## I.

Rudometkin filed this suit against the Secretary in June 2021. In his complaint, he asserted that the Army unlawfully revoked his retirement orders. *See* Compl. ¶¶ 1, 45, 65. For that reason, he contended, his court-martial was "improperly convened [and] is void." *Id.* ¶ 1(c); *see also id.* ¶ 11. He asked the district court to order him "released from the United States Disciplinary Barracks and placed in the same position had the unlawful acts not occurred and mandatorily retired, effective 1 February 2016." *Id.* at 13. He did not expressly request money damages, backpay, or other monetary relief. In July 2021, Rudometkin filed another complaint in the Court of Federal Claims, which was substantially similar but also requested backpay. *See* Compl., *Rudometkin v. United States*, 1:21-cv-1546 (U.S. Ct. Fed. Claims July 2, 2021).

The Secretary moved to dismiss the instant complaint for lack of subject matter jurisdiction, improper venue, and failure to state a claim, arguing that Rudometkin was mounting a collateral attack on his court-martial proceedings. Rudometkin filed an opposition. He also moved to amend his complaint, acknowledging that "certain aspects were outside the scope of the APA and reserved for a writ of *Habeas Corpus*." A. 135 (citation omitted).

The district court granted the Secretary's motion to dismiss, but on grounds that were not raised by the Secretary. Relying on 5 U.S.C. § 704, the district court *sua sponte* concluded that "APA jurisdiction does not lie in this court because Plaintiff has an available remedy in the Claims Court and then in the Federal Circuit." A. 150. It reached this conclusion on the ground that the Tucker Act barred district court jurisdiction because Rudometkin's challenge to the recission of his retirement orders essentially sought monetary relief over $10,000. Finally, the district court denied Rudometkin's motion to amend his complaint as futile, because any amendment would not cure the jurisdictional defect. Rudometkin filed a timely appeal. We appointed *amicus* to present arguments in support of Rudometkin's position. We have jurisdiction under 28 U.S.C. § 1291.

2

## II.

### A.

We review *de novo* the district court's dismissal of Rudometkin's complaint for lack of subject matter jurisdiction. *Hisp. Affs. Project v. Acosta*, 901 F.3d 378, 385 (D.C. Cir. 2018). We conclude that the district court erred in ruling that it lacked subject matter jurisdiction because Rudometkin had an "other adequate remedy" in the Court of Federal Claims. The district court cited § 704 of the APA, which provides that "final agency action *for which there is no other adequate remedy in a court* [is] subject to judicial review." 5 U.S.C. § 704 (emphasis added). But we have held that the "other adequate remedy" requirement in § 704 is not jurisdictional, and instead is relevant to determining whether the plaintiff has stated a claim. *See Perry Cap. LLC v. Mnuchin*, 864 F.3d 591, 621 (D.C. Cir. 2017) ("[W]e have several times recognized that the finality requirement and adequate remedy bar of § 704 determine whether there is a cause of action under the APA, not whether there is federal subject matter jurisdiction.").

The district court also erred when it determined that Rudometkin's suit was within the exclusive purview of the Court of Federal Claims because his complaint sought over $10,000 in relief from the federal government. We conclude that the district court "had subject matter jurisdiction because [Rudometkin] is not seeking money and, were [he] to prevail, the district court would not award such relief." *Smalls v. United States*, 471 F.3d 186, 190 (D.C. Cir. 2006).

The Tucker Act grants the Court of Federal Claims jurisdiction over "claims against the United States for 'liquidated or unliquidated damages in cases not sounding in tort.'" *Smalls*, 471 F.3d at 189 (quoting 28 U.S.C. § 1491). This jurisdictional grant is "'exclusive,' but 'only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the [Court of Federal Claims].'" *Kidwell v. Dep't of Army, Bd. for Corr. of Mil. Recs.*, 56 F.3d 279, 283 (D.C. Cir. 1995) (alteration in original) (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988)). That is, "[i]f a separate waiver of sovereign immunity and grant of jurisdiction exist, district courts may hear cases over which, under the Tucker Act alone, the Court of Federal Claims would have exclusive jurisdiction." *Perry Cap.*, 864 F.3d at 623 (cleaned up). Thus, "[a]bsent other grounds for district court jurisdiction, a claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government." *Kidwell*, 56 F.3d at 284. "A complaint is not in essence one for monetary damages if the only remedy requested is 'non-monetary relief that has considerable value independent of any future potential for monetary relief.'" *Smalls*, 471 F.3d at 190 (cleaned up) (quoting *Kidwell*, 56 F.3d at 284). In considering whether a claim explicitly or in essence seeks monetary relief, "the court must generally limit itself to the four corners of the complaint" rather than consider the plaintiff's "subsequent filings." *Tootle v. Sec'y of Navy*, 446 F.3d 167, 174 (D.C. Cir. 2006).

Here, there is no dispute that Rudometkin's complaint does not *explicitly* seek monetary relief. Although Rudometkin has sought backpay from the Court of Federal Claims, he does not seek it here, and we will not roam beyond "the four corners of the complaint" to consider the plaintiff's "subsequent filings" in a separate suit. *Tootle*, 446 F.3d at 174.

Nor does Rudometkin's complaint in essence seek monetary relief. We are not persuaded by the Secretary's argument that Rudometkin's request to be placed on retirement status was a demand for backpay. "A plaintiff does not 'in essence' seek monetary relief . . . merely because he or she hints at some interest in a monetary reward from the federal government or because success on the merits may obligate the United States to pay the complainant." *Kidwell*, 56 F.3d at 284. Thus, "[t]he fact that in seeking the correction of a military record the plaintiff may, if successful, obtain monetary relief from the United States in subsequent administrative proceedings is insufficient to deprive the district court of jurisdiction." *Smalls*, 471 F.3d at 190. It follows, then, that Rudometkin's request for a correction of his retirement status is not a request for money. Even if he prevails, his entitlement to backpay would "not come from the District Court's exercise of jurisdiction [in this case], 'but from the structure of statutory and regulatory requirements governing compensation when a servicemember's files change.'" *Tootle*, 446 F.3d at 175 (quoting *Kidwell*, 56 F.3d at 285–86). In addition, the equitable relief sought by Rudometkin — correction of his military records to reflect his retirement — does have "considerable value independent of any future potential for monetary relief." *Smalls*, 471 F.3d at 190 (cleaned up); *see id.* (noting that "the phrase 'retirement benefits' connotes a host of benefits to which no monetary value can be attached"); *Tootle*, 446 F.3d at 175 (observing that "retirement itself has non-negligible value").

Accordingly, the district court had subject matter jurisdiction over Rudometkin's case because he is not explicitly or in essence seeking monetary relief, and, if he were to prevail, he would not receive monetary relief from the district court. Rudometkin's case therefore qualified for the APA's limited waiver of sovereign immunity and § 1331's grant of federal question jurisdiction. *See* 5 U.S.C. § 702; 28 U.S.C. § 1331; *Esch v. Yeutter*, 876 F.2d 976, 979 n.23 (D.C. Cir. 1989).

## B.

Finally, we do not reach the government's new arguments on appeal that Rudometkin has failed to state a claim under the APA, either because he has an "other adequate remedy" available or because he does not challenge final agency action. *See* 5 U.S.C. § 704.

First, we need not decide whether Rudometkin has an "other adequate remedy" available under § 704 of the APA. To be sure, if "the district court erroneously dismissed the action pursuant to Rule 12(b)(1), we could nonetheless affirm the dismissal if dismissal were otherwise proper based on failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Trudeau v. FTC*, 456 F.3d 178, 187 (D.C. Cir. 2006) (cleaned up). But the parties did not brief this matter below, and we decline to decide it in the first instance.

Second, we do not reach the Army's argument that Rudometkin has failed to challenge final agency action as required by § 704 of the APA. *See* 5 U.S.C. § 704. The government did not make that argument before the district court, and it has "offered us no good reason" to entertain this new argument. *See Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004) ("[T]he general rule is that a prevailing party may defend the judgment on any ground decided or raised below."). And the district court discussed but did not decide this issue, because it found that it lacked jurisdiction. *See* A. 150.

4

For the foregoing reasons, we vacate the district court's judgment and remand the case for further proceedings.

\* \* \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/

Daniel J. Reidy
Deputy Clerk

5