**Dennis J. SOLOMON, Appellant**

v.

**UNIVERSITY OF SOUTHERN CALIFORNIA, et al.,**
**Appellees**

No. 09–5244.

United States Court of Appeals, District of Columbia Circuit.

Jan. 12, 2010.

Rehearing En Banc Denied March 19, 2010.

BEFORE: GINSBURG, BROWN, and GRIFFITH, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed July 15, 2008, and February 20, 2009, be affirmed. The district court properly held that Counts I, III, IV, and V are barred by res judicata. *See Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Smalls v. United States,* 471 F.3d 186, 192 (D.C.Cir. 2006). Appellant's challenge in Count II to the University of Southern California's standing to file an opposition in the trademark proceedings fails, because appellant has not shown that the University of Southern California lacked either "a real interest" in the proceedings or a "reasonable basis" for its belief that it would be damaged by registration of the mark. *See* 15 U.S.C. § 1063(a) ("Any person who believes that he would be damaged by the registration of a mark ... may ... file an opposition...."); *Ritchie v. Simpson,* 170 F.3d 1092, 1095 (Fed.Cir.1999) (the opposer need only have "a 'real interest' in the proceedings" and a " 'reasonable' basis for his belief of damage" in order to have standing to file an opposition). Nor has appellant shown that the district court abused its discretion in dismissing his claims against the remaining defendants for failure to prosecute. On appeal, appellant does not argue that he timely responded to the district court's July 15,

2008 order to show cause. Instead, appellant alleges he served Dr. Macedonia at the University of Southern California's address. This method of service does not comply with Fed.R.Civ.P. 4(e), and appellant does not allege that he ever provided the district court with proof of service, as required by Fed.R.Civ.P. 4( ). As for appellant's position that pursuant to 15 U.S.C. § 1071(b) he was not required to serve the Trademark Trial and Appeal Board, its judges, the Patent and Trademark Office, and its director, the applicable portion of the statute provides that "[t]he Director [of the PTO] shall not be made a party to an inter partes proceeding under this subsection, but he shall be notified of the filing of the complaint by the clerk of the court...." 15 U.S.C. § 1071(b)(2). Appellant, however, did not bring a typical inter partes trademark case, but filed a civil action naming as defendants the Trademark Trial and Appeal Board, its judges, the U.S. Patent and Trademark Office, and its director, and alleging constitutional and civil rights violations. Accordingly, 15 U.S.C. § 1071 does not relieve appellant from his obligation to serve these parties.

To the extent Solomon seeks judicial review of the Trademark Trial and Appeal Board's entry of default judgment against him, Solomon has not shown that the Board abused its discretion in imposing this sanction. See 37 C.F.R. § 2.120(g)(1) ("[I]f a party fails to comply with an order of the [Appeal Board] relating to disclosure or discovery ... the Board may make an appropriate order, including those provided in Rule 37(b)(2) of the Federal Rules of Civil Procedure."); see also Automated Datatron, Inc. v. Woodcock, 659 F.2d 1168, 1169 (D.C.Cir.1981) (courts are not required to impose a less drastic sanction before entering a default judgment).

The district court did not abuse its discretion in dismissing appellant's claim against Evans & Sutherland for failure to comply with the notice pleading requirements of the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (discussing how the complaint must give fair notice of what the claim is and the grounds upon which it rests); see also Ciralsky v. CIA, 355 F.3d 661, 670 n. 9 (D.C.Cir.2004). Although pro se complaints are liberally construed, they still "must present a claim upon which relief can be granted by the court." Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C.Cir.1981). Solomon's vague and cursory pleading of his claim against Evans & Sutherland did not provide fair notice of what the claim is or the grounds upon which it rests.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.