Khadija DUMA, Plaintiff,

v.

UNUM PROVIDENT, et al., Defendants.

Civil Action No. 08-0581 (PLF)

United States District Court, District of Columbia.

Signed 08/06/2012

Khadija Duma, Washington, DC, pro se.

Damien G. Stewart, Fannie Mae, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, United States District Judge

This matter is before the Court on the motion of plaintiff, Khadija Duma, for relief from final judgment and for a writ of error *coram nobis*. Upon consideration of Ms. Duma's papers, the relevant legal authorities, and the entire record in this case, the Court will deny her motion and her

writ of error.[1]

## I. BACKGROUND

On April 4, 2008, Ms. Duma filed this action *pro se* against defendants Unum Provident, Fannie Mae, and three individually named defendants, "asserting a broad panoply of claims under the Employment Retirement Income Security Act ["ERISA"], the First Amendment, the Sarbanes-Oxley Act, civil RICO, and the anti-discrimination statutes." Memorandum Order ("Dismissal Order") at 1, May 4, 2009 (Robertson, J.) [Dkt. No. 35]. The central focus of her action was to obtain long term disability benefits from Unum Provident pursuant to an insurance policy issued by Fannie Mae, Ms. Duma's former employer, as part of an employee welfare benefit plan governed by ERISA, 29 U.S.C. § 1001 et seq. See Dismissal Order at 1. Ms. Duma also sought "pension payments, reimbursement for medically related expenses after she left the employ of . . . Fannie Mae, the 'full market value of [her] home as appraised in 2005,' damages of $10 million 'for the harm [that defendants] have done to [Ms. Duma and her] family,' and a written apology from [the] three individual defendants who are or were employed in the Fannie Mae legal department." Id.

On May 4, 2009, Judge James Robertson issued a memorandum order dismissing most of Ms. Duma's claims. See Dismissal Order at 1-4. Specifically, Judge Robertson dismissed all of Ms. Duma's claims except her ERISA claim against Unum Provident and her Title VII claim against Fannie

Mae. See id. at 3-4; see also Duma v. Unum Provident, Civil Action No. 08–0581, 2010 WL 2196534, at *1 (D.D.C. May 29, 2010) (Robertson, J.).

On September 4, 2009, Ms. Duma and Unum Provident reached a settlement agreement regarding her ERISA claim; that same day, counsel for Ms. Duma and Unum Provident filed a stipulation of dismissal as to Unum Provident under Rule 41 of the Federal Rules of Civil Procedure. See Duma v. Unum Provident, 770 F.Supp.2d 308, 310 (D.D.C. 2011). Eight months later, on May 29, 2010, Judge Robertson dismissed Ms. Duma's final outstanding claim, the Title VII claim against Fannie Mae. See Duma v. Unum Provident, 2010 WL 2196534, at *1. Shortly thereafter, on June 8, 2010, Ms. Duma filed a motion to rescind or reform her voluntary dismissal of Unum Provident. The undersigned denied that motion on March 22, 2011. See Duma v. Unum Provident, 770 F.Supp.2d at 315.[2]

Ms. Duma appealed to the United States Court of Appeals for the District of Columbia Circuit. On May 6, 2011, the court of appeals summarily affirmed the disposition of Ms. Duma's case, concluding that "the district court correctly disposed of [Ms. Duma's] claims." Duma v. Fannie Mae, No. 10–5190, 2011 WL 2199172, at *1 (D.C. Cir. May 6, 2011) (per curiam).

More than one year later, on June 4, 2012, Ms. Duma filed in this Court a motion for relief from final judgment. Then, on June 14, 2012, she filed what she entitles a writ of error coram nobis.[3] Although

---

1. The papers reviewed in connection with the pending motion and writ include: Ms. Duma's Motion for Relief from Final Judgment ("Mot.") [Dkt. No. 72]; and Ms. Duma's Submission of an Extraordinary Writ of Error Coram (Nobis) Vobis (FRCP 60) ("Writ") [Dkt. No. 73].

2. On June 14, 2010, after Judge Robertson's retirement, this case was randomly reassigned to the undersigned.

3. In full, Ms. Duma entitled her writ: "Plaintiff/Petitioner's Submission of an Extraordinary Writ of Error Coram (Nobis) Vobis (FRCP 60)." Writ at 1. Because there is no meaningful difference between a writ of *co-*

no opposition to Ms. Duma's motion or writ has been filed, the Court carefully has considered the motion and writ and concludes that both lack merit and will be denied.

## II. DISCUSSION

### A. Motion for Relief from Final Judgment

The basis of Ms. Duma's motion is not entirely clear. Ultimately, however, it appears that Ms. Duma requests relief under Rule 60(b) of the Federal Rules of Civil Procedure from Judge Robertson's order of May 29, 2010 dismissing her Title VII claim against Fannie Mae. Ms. Duma makes two arguments: (1) that Judge Robertson erred as a matter of law in dismissing Ms. Duma's Title VII claim against Fannie Mae; and (2) that newly discovered evidence supports her claim against Fannie Mae.

Rule 60(b) provides in relevant part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time for a new trial under Rule 59(b); ... or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

■ The Court rejects Ms. Duma's argument that Judge Robertson somehow erred as a matter of law in dismissing her claim against Fannie Mae. The only apparent subsections of Rule 60(b) that arguably

are applicable here "are subsection (b)(1), which permits relief from a judgment on the ground of mistake, and subsection (b)(6), the catch-all provision, which gives the district court broad latitude to relieve a party from a judgment for 'any other reason justifying relief' beyond those specified in the other subsections of the rule." Brookens v. Solis, 635 F.Supp.2d 1, 4 (D.D.C. 2009). Even assuming, however, that an error in legal reasoning can be corrected under Rule 60(b), Ms. Duma has failed to show that Judge Robertson committed any "obvious" legal error. Koch v. Donaldson, No. 04-5260, 2004 WL 3019542, at *1 (D.C. Cir. Dec. 30, 2004) (per curiam); see Smalls v. United States, 471 F.3d 186, 191 (D.C. Cir. 2006); see also Brookens v. Solis, 635 F.Supp.2d at 4. Indeed, Judge Robertson plainly committed no legal error in dismissing Ms. Duma's claim against Fannie Mae. As the court of appeals concluded: "[T]he district court correctly disposed of [Ms. Duma's] claims." Duma v. Fannie Mae, 2011 WL 2199172, at *1. And as for Rule 60(b)(6), the court of appeals has held that relief under that subsection should be granted only in "extraordinary circumstances." Computer Prof'ls for Soc. Responsibility v. U.S. Secret Serv., 72 F.3d 897, 903 (D.C. Cir. 1996); see Ackermann v. United States, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950). No such extraordinary circumstances exist in this case.

■ The Court also rejects Ms. Duma's argument that newly discovered evidence supports her Title VII claim against Fannie Mae. The Court has assessed this argument under Rule 60(b)(2) and concludes that it lacks merit for two independent reasons. First, even if the Court were to consider the purportedly new evidence—

---

ram nobis and a writ of coram vobis, see Trenkler v. United States, 536 F.3d 85, 92 n.4 (1st Cir. 2008); United States v. Sawyer, 239

F.3d 31, 37 n.4 (1st Cir. 2001), the Court will refer to Ms. Duma's writ as a writ of error coram nobis for purposes of brevity.

**4**

which is not attached to Ms. Duma's motion, but which she describes as a memorandum setting forth the process of filing an EEOC claim, see Mot. at 2—it would not in any way alter the conclusion that Ms. Duma "did not demonstrate a genuine issue of material fact with regard to her failure to submit a signed charge of discrimination to the Equal Employment Opportunity Commission before bringing suit in the district court." Duma v. Fannie Mae, 2011 WL 2199172, at *1. As the court of appeals concluded, the failure to do so "is fatal to her claim." Id.

Second, Ms. Duma herself admits that she was given possession of this EEOC memorandum "[p]rior to becoming an interested party," which presumably means before she filed suit. Mot. at 2. She also admits that the "document was lost to [her] until [she] recently recovered it." Id. By her own admission, then, Ms. Duma's evidence can in no way be characterized as newly discovered. She therefore fails to satisfy the plain requirements of Rule 60(b)(2). See FED. R. CIV. P. 60(b)(2) (requiring "[n]ewly discovered evidence that, with reasonable diligence, could not have been discovered in time for a new trial under Rule 59(b)").

*B. Writ of Error Coram Nobis*

■ Ms. Duma also has filed what she entitles a writ of error *coram nobis* in which she requests, among other things, "a reversal of the dismissals against all of the defendants in this case." Writ at 2. The Court will deny the writ for two reasons. First, although the writ of *coram nobis* retains some use in criminal procedure, it has been supplanted and abolished in federal civil proceedings by Rule 60 of the

Federal Rules of Civil Procedure. See FED. R. CIV. P. 60(e) (writs of *coram nobis* and *coram vobis* abolished in civil cases). Second, even if Ms. Duma could obtain relief through such a writ, the arguments raised by Ms. Duma in her writ largely are incomprehensible, irrelevant, or otherwise are substantively the same as those raised in her motion for relief, which the Court already has rejected.[4]

### III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Ms. Duma's Motion for Relief from Final Judgment [Dkt. No. 72] is DENIED; and it is

FURTHER ORDERED that Ms. Duma's Submission of an Extraordinary Writ of Error *Coram (Nobis) Vobis* (FRCP 60) [Dkt. No. 73] is DENIED.

SO ORDERED.

---

4. Ms. Duma also alleges in her writ "that errors were made during the pro bono representation, including a failure to disclose an appearance of impropriety that prevented [her] from protecting [herself] and [her] property rights[.]" Writ at 5. As the Court previously concluded on March 22, 2011, that allegation lacks merit. See Duma v. Unum Provident, 770 F.Supp.2d at 312–13.