# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-5239**

**September Term, 2022**

**1:16-cv-01767-RBW**

**Filed On:** August 24, 2023

Barry Ahuruonye,

      Appellant

    v.

Department of Interior,

      Appellee


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Henderson, Walker, and Garcia, Circuit Judges

## <u>J U D G M E N T</u>

This appeal was considered on the record from the United States District Court for the District of Columbia; the briefs filed by the parties; and appellant's supplement, errata, and notice. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, and appellant's motion to appoint counsel, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's May 31, 2022, order granting summary judgment for appellee be affirmed. As to appellant's claims of discrimination and retaliation, appellee provided legitimate, non-discriminatory, and non-retaliatory reasons for its employment actions, and the district court did not err in concluding that appellant failed to produce sufficient evidence for a reasonable jury to find that those reasons were pretextual. See Hernandez v. Pritzker, 741 F.3d 129, 133 (D.C. Cir. 2013); Brady v. Off. of Sergeant at Arms, 520 F.3d 490, 493–94 (D.C. Cir. 2008). To the extent that appellant argues that the district court's judgment was void as to his claim that appellee unlawfully denied him a pay increase in 2014, appellant conflates an unrelated pay increase he received in 2013 with the one at issue in this

case.  Appellant has also not demonstrated that he is entitled to relief from the district court's judgment due to fraud.  See Smalls v. United States, 471 F.3d 186, 191 (D.C. Cir. 2006).

In addition, to the extent appellant raises additional arguments in a supplement to his brief, the court will not consider those arguments because appellant was already denied leave to exceed the page limit for his brief, see Ahuruonye v. DOI, No. 22-5239, unpublished order (D.C. Cir. Dec. 27, 2022), and he has forfeited those arguments by failing to sufficiently develop them in his opening brief, see, e.g., Al-Tamimi v. Adelson, 916 F.3d 1, 6 (D.C. Cir. 2019).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**