# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARVIN KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-03749 (UNA) |
| | ) | |
| IRS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons discussed below, it dismisses the Complaint, and this matter, without prejudice.

Plaintiff, a resident of the District of Columbia, sues the Internal Revenue Service and the D.C. Office of Tax and Revenue. *See* Compl. at 1–4. The Complaint is vague and difficult to understand. Plaintiff broadly alleges only that he is "seeking damages for improper IRS actions unauthorized collection and disclosure. Unauthorize[d] inspection and disclos[ure] by an[] IRS officer or employees in the [D]istrict of [C]olumbia. Yes the IRS processed my amended tax refund." *See id*. at 4. He again similarly and ambiguously states that the IRS did not issue his "taxes, [his] amended taxes, improper garnishment, damages." *See id*. The specific involvement of the D.C. Office of Tax and Revenue, if any, is not clearly stated.

First, Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures

that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Notably, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant Complaint falls within this category. Little to no context or supporting details are provided. It is unclear how, when, why, or what specific wrongdoing either Defendant allegedly committed, and as pleaded, neither Court nor Defendants have adequate notice of a cognizable claim, nor has Plaintiff established his entitlement to relief, if any.

Insofar as Plaintiff may, perhaps, seek a refund or otherwise recover monies from the IRS, this Court lacks subject matter jurisdiction. As background, the district courts shall generally have original jurisdiction concurrent with the United States Court of Federal Claims over tax refund claims. *See* 28 U.S.C. § 1346(a)(1); *see also* 26 U.S.C. § 7422. However, the Tucker and Little Tucker Acts, 28 U.S.C. §§ 1491, 1346(a)(2), clarify the circumstances in which the United States may be sued for monetary relief, and applicable here, the Court of Federal Claims generally bears exclusive jurisdiction over claims "not sounding in tort" and brought "against the United States for 'liquidated or unliquidated damages'" exceeding $10,000. *Smalls v. United States*, 471 F.3d 186, 189 (D.C. Cir. 2006) (quoting 28 U.S.C. § 1491); *see Kidwell v. Dep't of Army, Bd. for Correction of Military Records*, 56 F.3d 279, 284 (D.C. Cir. 1995) ("[A] claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government.") (citations omitted). Here, assuming *arguendo* Plaintiff had stated a cogent legal claim, he has demanded in excess of

$75,000 in damages, *see* Compl. at 4; therefore, the U.S. Court of Federal Claims would bear exclusive jurisdiction over this case, *see* 28 U.S.C. § 1346(a)(2).

Accordingly, this case is dismissed without prejudice. Plaintiff's other pending Motions, ECF Nos. 4, 5, 6, 7, 8, and 9, are all denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: January 2, 2026

/s/_____
ANA C. REYES
United States District Judge